IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00441-PAB

ARTHUR A. OLIVER,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.
_____

**ORDER DISMISSING HABEAS APPLICATION**
_____

This matter is before the Court on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 1; Filed March 2, 2009]. On July 13, 2010, the Court issued an **Order to Show Cause** in this case [Docket No. 23]. The deadline for Applicant to respond to the Order to Show Cause was July 27, 2010, but no response was received. A review of the docket reveals that Applicant has not been in contact with the Court since June 22, 2009 [Docket No. 20]. This is likely due, in part, to the fact that on January 19, 2010, Applicant was released from custody. Upon his release, Applicant did not submit an updated address to the Court as required by Local Rule 10.1M, requiring that a party file a change of address with the Court within five days.

## I. Statement of the Case

Applicant filed his § 2241 Application on March 2, 2009 [Docket No. 1] ("Application"). Applicant is proceeding *pro se*; hence, his pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). At the time he filed his Application, Applicant was in the custody of the Bureau of Prisons ("BOP") at the Federal Prison Camp in Florence, Colorado ("FCP-Florence"). In his Application, Applicant contends that as a "recent graduate of the [FCP-Florence] Residential Drug Abuse Program" he should be eligible for a one-year sentence reduction pursuant 18 U.S.C. § 3621(e)(2)(B). *Id.* at 2-3.

According to the BOP's website, Applicant was released from custody on January 19, 2010. Therefore, in addition to Applicant's potential failure to prosecute, his Application may be moot unless he satisfies one of the exceptions to the mootness doctrine. *See Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002). For example, the Court will not dismiss a case as moot if a "secondary or 'collateral' injuries survive after resolution of the primary injury . . . ." *Id.* at 1257 (citations omitted).

On July 12, 2010, the Court directed Applicant to show cause in writing on or before July 27, 2010, why his case should not be dismissed as moot or for failure to prosecute [Docket No. 23]. Because Applicant has not apprised the Court of his current address, the Order to Show Cause was sent to Applicant's last-known address at FCP-Florence. The Order was returned as undeliverable on July 21, 2010 [Docket No. 24]. As a consequence, Applicant failed to respond.

## II. Analysis

Although it appears that the Application is moot given Applicant's release from custody, see *Holley v. Andraschko*, 80 F. App'x 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision), because the Court is unaware of what collateral injuries, if any, Applicant may suffer as a result of the claims at issue in his Application, the Court declines to decide the matter on this ground.

Fed. R. Civ. P. 41(b) allows the Court to dismiss a party's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C.COLO.LCivR 41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any other court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for the involuntary dismissal of an action.[1] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser

---

[1] This test has been applied to habeas Applications where Applicant has been released from custody but failed to keep in contact with the Court. *See, e.g., Gasper v. Hartley*, No. 08-cv-01748, 2009 WL 1139546, at *2-3, (D. Colo. Apr. 28, 2009) (unpublished decision).

sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chem. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10 - 11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Applicant is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose [his] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

### A. Prejudice to Respondent

From a review of the case file, the Court finds that Applicant has not been in contact with the Court since June 22, 2009 [Docket No. 20], and that Applicant's mail has been returned as undeliverable beginning on February 18, 2010 [Docket No. 22]. Applicant's failure to provide the Court with a current address, as required by D.C.COLO.LCivR 10.1M., and failure to keep abreast of his case has prejudiced Respondent, who was forced to answer an Application that Applicant appears to have no intention of pursuing. While arguably this prejudice is not ongoing, this factor weighs slightly in favor of dismissal.

### B. Interference with the Judicial Process

Applicant failed to provide the Court with an updated address and to comply with the Order to Show Cause. The issue here "is respect for the judicial process and the

law." *See generally Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003). Applicant's failure to comply with the Local Rules and the Court's Order to Show Cause demonstrates a lack of respect for the Court, Respondent, and the judicial process. Moreover, if Applicant's case were not dismissed, the Court's review of the Application on its merits would unnecessarily increase the workload of the Court and interfere with the administration of justice. Accordingly, this factor weighs in favor of dismissal.

### C. Culpability of Applicant

Applicant has, without any reasonable excuse, ignored D.C.COLO.LCivR 10.1M., which requires that "[w]ithin ten days after any change of address . . . of any attorney or pro se party, notice of the new address . . . shall be filed." Applicant has also failed to the show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding *pro se*, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Therefore, the Court concludes that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case. Accordingly, this factor weighs in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Applicant's mail has been returned to the Court beginning on February 18, 2010 [Docket No. 22], and he was released from BOP custody on January 19, 2010. Morever, he did not receive the Order to Show Cause [Docket No. 24]. Accordingly, the Court cannot reasonably state that Applicant has received any advance notice that

5

dismissal of his Application could result. While this factor does not directly bear on whether Applicant's neglect of his case warrants dismissal, it would favor choosing a lesser sanction if other factors supported such a result.

### E. Efficacy of a Lesser Sanction

Regardless of the fact that Applicant may not have received advance notice, the Court concludes that no sanction less than dismissal would be effective. Although Applicant is proceeding *pro se*, that does not excuse his conduct here. *See Green*, 969 F.2d at 917. In addition, based upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and Respondent jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective. Therefore, dismissal with prejudice is the appropriate result.

### III. Conclusion

IT IS HEREBY **ORDERED** that the Order to Show Cause [#23] is **MADE ABSOLUTE**.

IT IS FURTHER **ORDERED** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DISMISSED with prejudice** for Applicant's failure to prosecute.

DATED August 18, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge